**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **STACCATO 2011, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **OA DEFENSE LLC,** | § | |
| | § | |
| **Defendant.** | § | **Civil Action No. 1:25-cv-00087** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Staccato 2011, LLC ("Staccato") alleges for its complaint against Defendant OA Defense LLC ("OA Defense"), as follows:

**NATURE OF ACTION**

1.      This is an action for a declaratory judgment that Staccato does not infringe any valid and enforceable claim of United States Patent Nos. 11,846,483 or 12,007,199 (collectively, the "Patents-in-Suit").

2.      Staccato seeks this relief because OA Defense has alleged to Staccato that Staccato, by way of at least its alleged "handguns with ambidextrous slide stop" infringes the Patents-in-Suit. OA Defense's allegations have placed a cloud over Staccato and its products and/or product parts. Staccato believes OA Defense's allegations lack merit and thus asks this Court to declare the legal rights of Staccato, so that Staccato is afforded relief from the uncertainty and delay regarding its rights caused by OA Defense's allegations against Staccato.

## PARTIES

3.      Staccato is a company incorporated under the laws of Delaware, with a principal place of business at 1223 County Road 233, Florence, TX 76527.

4.      On information and belief, OA Defense is a company incorporated under the laws of Delaware with its principal place of business at 5 Airpark Vista Blvd, Dayton, NV 89403 . OA Defense may be served at the office of its registered agent, Capitol Services, Inc., located at 108 Lakeland Avenue, Dover, Delaware 19901.

5.      On information and belief, OA Defense owns or has interest in U.S. Patent No. 11,846,483 ("the '483 Patent"), entitled "Firearm with an Ambidextrous Slide Stop" and U.S. Patent No. 12,007,199 ("the '199 Patent"), entitled "Firearm with Various Improvements."

6.      True and correct copies of the '483 and '199 Patents are attached as Exhibits A and B.

## JURISDICTION AND VENUE

7.      The allegations of paragraphs 1–6 are incorporated by reference as if fully set forth herein.

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1 et. seq.) and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202. The matter in controversy exceeds the minimum jurisdictional requirements of this Court, exclusive of interest and costs. There is an actual case and controversy between the parties within this Court's jurisdiction, regarding alleged infringement of the '483 and '199 Patents, as a result of OA Defense's enforcement activities and infringement allegations toward technology utilized by Staccato.

10.     This Court has personal jurisdiction over OA Defense, as OA Defense has sufficient contacts with this State and, in particular, this Judicial District, and maintenance of the suit in this Judicial District does not offend traditional notions of fair play and substantial justice. In particular, OA Defense conducts or solicits business within this District at least through its website at https://oadefense.com/dealers/dealer-locator/



11.     Venue is proper in this District pursuant to 28 USC §§ 1391 and 1400. OA Defense is doing business in this District and a substantial part of Staccato's claims arise in this District based on the fact that Staccato maintains its principal place of business in this District. Among other

things, OA Defense has attempted to license and/or enforce the Patents-in-Suit in this District or otherwise get Staccato to cease-and-desist certain actions taking place in this District.

## PRESENCE OF AN ACTUAL CONTROVERSY AND APPREHENSION OF SUIT

12.     The allegations of paragraphs 1–11 are incorporated by reference as if fully set forth herein.

13.     On January 7, 2025, OA Defense, by and through their legal counsel at Hunton Andrews Kurth LLP, sent Staccato's CEO – Mr. Jerry D. Pierson III – a letter asserting that Staccato's technology infringes certain claims of the Patents-in-Suit. A copy of the letter is attached as Exhibit C (hereinafter referred to as "OA Defense's Letter").

14.     OA Defense's Letter stated that "[b]ased on our initial analysis it appears that the ambidextrous slide stop Staccato is promoting is relevant to OA Defense's patents. We therefore wanted to make you aware of the patents and let you know that OA Defense is committed to protecting its legal interests in all of its patented technology." *Id.*

15.     OA Defense's Letter also stated that "OA Defense could be irreparably harmed if a competitor introduces a handgun with infringing parts to the market. Accordingly, we demand that you confirm within seven days that Staccato will cease and desist all marketing of Staccato handguns with an ambidextrous slide stop." *Id.*

16.     As a result of OA Defense's Letter and its actions, Staccato has a reasonable apprehension of being sued by OA Defense for infringement of the Patents-in-Suit.

17.     In light of the aforementioned deadline imposed by OA Defense and the fact that the parties have not reached an informal agreement, this controversy is of sufficient immediacy and reality to justify the issuance of a declaratory judgment regarding the parties' respective rights as they relate to the Patents-in-Suit.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '483 PATENT

18.    The allegations of paragraphs 1–17 are incorporated by reference as if fully set forth herein.

19.    An actual existing and bona fide controversy exists between Staccato and OA Defense concerning the scope and infringement of the '483 Patent.

20.    Staccato, through its products and product parts, including as to its various handgun products, does not infringe any valid and enforceable claim of the '483 Patent.

21.    Staccato has not contributed to and is not contributing to infringement by others of any claims of the '483 Patent.

22.    Staccato has not induced and is not inducing infringement of any claims of the '483 Patent.

23.    In one aspect, for example, Staccato's products and product parts do not practice at least the various "slide stop" limitations of independent claims 1, 10 and 16 of the '483 Patent including the following from representative claim 1:

- "a slide stop attached to frame, wherein the slide stop is configured to move in and out of engagement with the slide for locking and releasing the slide,

  wherein the slide stop comprises a first portion and a second portion both removably attached to the frame, wherein the first portion is on the first side of the frame and the second portion is on the second side of the frame;

  wherein the first portion comprises a first lever with a proximal end and a distal end, a shaft extending perpendicularly from the distal end of the first lever, and a stopper extending from the proximal end of the first lever configured to mate with the stop notch, the first lever extending along the outer surface of the frame facilitating the operation of the slide stop;

  wherein the second portion comprises a second lever;

  wherein the slide stop further comprises a mating mechanism between the first portion and the second portion, wherein the mating mechanism further comprises a male mating mechanism on the first portion and a female mating mechanism on the second portion,

wherein the male mating mechanism is a protrusion extending from the shaft, and the female mating mechanism is a protrusion extending perpendicularly from the second lever;

wherein the first portion and the second portion, upon mating with each other via the mating mechanism move operably with one another such that engaging the stopper with the slide stop notch is achievable with either hand of a user."

24.     Staccato seeks a declaratory judgment that Staccato does not infringe and has not infringed either directly, indirectly, by contribution or by inducement, or in any other way, any claim of the '483 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

25.     Staccato seeks a declaratory judgment that Staccato's use of the accused technology is lawful.

26.     Because there exists a real and justiciable controversy regarding infringement of the '483 Patent, this Court should make a declaration that Staccato does not infringe the '483 Patent.

**COUNT TWO**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '199 PATENT**

27.     The allegations of paragraphs 1–26 are incorporated by reference as if fully set forth herein.

28.     An actual existing and bona fide controversy exists between Staccato and OA Defense concerning the scope and infringement of the '199 Patent.

29.     Staccato, through its products and product parts, including as to its various handgun products, does not infringe any valid and enforceable claim of the '199 Patent.

30.     Staccato has not contributed to and is not contributing to infringement by others of any claims of the '199 Patent.

31.     Staccato has not induced and is not inducing infringement of any claims of the '199 Patent.

32.     In one aspect, for example, Staccato's products and product parts do not practice at least the various "trigger shoe assembly," "magazine catch" / "magazine retainer plate," "mainspring

assembly" / "retention clip," "slide stop," "relief" / "barrel lug," and/or "pin and pin connector" limitations of independent claims 1, 10 and 20 of the '199 Patent.

33.     Staccato seeks a declaratory judgment that Staccato does not infringe and has not infringed either directly, indirectly, by contribution or by inducement, or in any other way, any claim of the '199 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

34.     Staccato seeks a declaratory judgment that Staccato's use of the accused technology is lawful.

35.     Because there exists a real and justiciable controversy regarding infringement of the '199 Patent, this Court should make a declaration that Staccato does not infringe the '199 Patent.

## JURY DEMAND

36.     In accordance with Federal Rule of Civil Procedure 38, Staccato demands that all claims and causes of action raised in this complaint against OA Defense be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Staccato prays for the following relief:

A.      A declaratory judgment that Staccato does not infringe and has not infringed, directly or indirectly, by inducement or contributorily, any valid and enforceable claim of the '483 and '199 Patents, either literally or by the doctrine of equivalents, willfully or otherwise;

B.      A judgment finding this case exceptional and awarding Staccato its costs and reasonable attorneys' fees under 35 U.S.C. § 285; and

C.      A judgment awarding Staccato such other and/or further relief as is just and equitable.

Respectfully submitted,

/s/      *Nathaniel St. Clair, II*
Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Ste. 600
Dallas, Texas 75201
Telephone:  214.953.6000
Facsimile:  214.953.5822

Katharine L. Carmona
State Bar No. 00787399
kcarmona@jw.com
**JACKSON WALKER LLP**
100 Congress Avenue, Ste. 1100
Austin, Texas 78701
Telephone:  512.236.2000
Facsimile:  512.236.2002

***ATTORNEYS FOR PLAINTIFF***
***STACCATO 2011, LLC***